UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID C. JUAREZ,

          Plaintiff,

      v.                                  Case No. 24-CV-94

RACINE CITY CLERK ODD NUMBER DOE, et al.

          Defendants.

## ORDER AND RECOMMENDATION

Currently pending before the court is David C. Juarez's Request to Proceed in District Court without Prepaying the Filing Fee. Having reviewed Juarez's request, the court concludes that he lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Juarez's Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

Because the court is granting the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915. Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States

solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless

2

Case 2:24-cv-00094-JPS    Filed 02/27/24    Page 2 of 6    Document 6

legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in the plaintiff's complaint. Juarez filed a lawsuit in Racine County Circuit Court in July 2020. In October 2020 the court granted the defendants' motion to dismiss. Juarez argues that the circuit court should have handled the case differently and he seeks $7.2 million as well as exemplary damages.

Juarez's complaint does not allege any plausible claim for relief. Judges are absolutely immune from the sorts of allegations Juarez makes. *See Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988)). A federal district court has no ability to review or upset judgments of state courts under the circumstances Juarez presents. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004); *cf. Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008). His allegations rest on legally incorrect premises; a Wisconsin circuit court has no authority to *sua sponte* transfer a case to federal court.

Finally, the court notes that Juarez's complaint appears to be untimely. *See Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 383-84 (7th Cir. 2010); *Miles v. Vanderburgh Cty. Jail*, 335 F. App'x 633, 634-35 (7th Cir. 2009); *see also Gordon v. Peoria Sch. Dist. 150*, No. 95-1001, 1995 U.S. App. LEXIS 17070, at *3 (7th Cir. July 10, 1995); *D.R.C. v. Schaeffer*, No. 18-C-186, 2018 U.S. Dist. LEXIS 36879, at *5 (E.D. Wis. Mar. 7, 2018) (Griesbach, C.J.); *cf. Albino v. United Methodist Church*, No. 08-CV-396, 2008 U.S. Dist. LEXIS 121227, at *4 (E.D. Wis. May 9, 2008) (Stadtmueller, J.) (dismissing discrimination complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as untimely). Although Juarez does not refer to § 1983, it appears that Juarez is attempting to allege a claim under 42 U.S.C. § 1983. In Wisconsin, the statute of limitations for such a claim is three years. *Brown v. Toua Thao*, No. 23-cv-0053-bhl, 2023 U.S. Dist. LEXIS 95283, at *1 (E.D. Wis. June 1, 2023) (citing Wis. Stat. § 893.53). The allegations in Juarez's complaint all relate to events occurring more than three years before he filed his complaint.

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 4) is **granted**.

**IT IS FURTHER RECOMMENDED** the complaint and this action be dismissed.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

**IT IS FURTHER ORDERED** that all of the plaintiff's filings with the court shall be mailed to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

The plaintiff should also retain a personal copy of each document.

The plaintiff is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

In addition, the plaintiff must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 27th day of February, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge