UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DAVID C. JUAREZ,<br><br>        Plaintiff,<br><br>v.<br><br>RACINE CITY CLERK ODD NUMBER DOE, MICHAEL J. PIONTEK and DAVID C. RICE,<br><br>        Defendants. | Case No. 24-CV-94-JPS<br><br>**ORDER** |

  On January 24, 2024, Plaintiff David C. Juarez ("Plaintiff"), proceeding pro se, filed a complaint alleging violations of his First, Fifth, Ninth, Tenth, and Fourteenth Amendment rights related to Defendants Racine City Clerk Odd Number Doe (the "Clerk"), Michael J. Piontek ("Judge Piontek"), and David C. Rice's ("Rice" and together, "Defendants") administration of a civil rights suit that Plaintiff filed in Racine County Circuit Court. ECF No. 1. Judge Piontek is a Racine County Circuit Court judge and Rice is an assistant attorney general with the Wisconsin Department of Justice. *Id.* at 1. The Clerk is presumably a clerk with the Racine County Circuit Court. *Id.* Plaintiff takes issue with Defendants' handling of his state court case; specifically, inter alia, the Clerk's failure to act on a "demand letter," Rice's filing of a motion to dismiss his state court suit, and Judge Piontek's order granting the motion to dismiss on October 21, 2020. *Id.* at 1–3.

  The case was assigned to Magistrate Judge William E. Duffin. On February 27, 2024, Magistrate Judge Duffin screened Plaintiff's complaint under 28 U.S.C. § 1915 and recommended that the action be dismissed on

several bases. ECF Nos. 6, 7 (the "R&R"). First, Magistrate Judge Duffin found that judges, like Judge Piontek, "are absolutely immune from the sorts of allegations [Plaintiff] makes." *Id.* at 4 (citing *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001)). Second, "[a] federal district court has no ability to review or upset judgments of state courts under the circumstances [Plaintiff] presents." *Id.* (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004); and *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008) (all discussing the *Rooker-Feldman* doctrine)). The *Rooker-Feldman* doctrine, with scant exception, bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284–85 (citing *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923) and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983)). Finally, Plaintiff's complaint "appears to be untimely" as it was filed three years after the events pleaded took place, contrary to Wisconsin's three-year statute of limitations for claims under 42 U.S.C. § 1983. ECF Nos. 6, 7 at 5 (collecting cases and citing Wis. Stat. § 893.53).

In the R&R, Magistrate Judge Duffin advised Plaintiff that "any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation" and "[f]ailure to timely object waives a party's right to review." *Id.* (citing 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2)). The R&R was mailed to Plaintiff at the address he had submitted to the Clerk of Court with his complaint. Feb. 27, 2024 docket annotation. On March 13, 2024, the Clerk of Court re-mailed the R&R to Plaintiff after he notified the Clerk's Office in another case that he had been temporarily relocated to the Racine County Jail. Mar. 13, 2024 docket annotation. On March 20, 2024, Plaintiff filed a

Page 2 of 4
Case 2:24-cv-00094-JPS    Filed 04/17/24    Page 2 of 4    Document 11

notice of change of address stating that he had been relocated to the Elkhart County Jail. ECF No. 8. The Clerk of Court re-mailed the R&R to Plaintiff at the Elkhart County Jail on March 21, 2024. Mar. 21, 2024 docket annotation. While the prior mailing to the Racine County Jail has been returned as undeliverable, the R&R mailed to the Elkhart County Jail has not been returned. ECF No. 9. On March 28, 2024, Plaintiff filed another notice of change of address reiterating that he had been relocated to the Elkhart County Jail. ECF No. 10.

In the time since the mailing of the R&R to Plaintiff at the Elkhart County Jail on March 21, 2024, Plaintiff has not filed any objections to the R&R. The only filings that the Court has received from Plaintiff since the docketing of the R&R are updates to his mailing address. ECF Nos. 8, 10. Even adding in the time the mail took to reach Plaintiff, as well as the time it would take for the Clerk of Court to receive any mailed objections, Plaintiff has well exceeded his fourteen days to submit objections. And again, he has not filed anything else in this case to move it forward. Thus, Plaintiff has failed to diligently prosecute his case, and his case should be dismissed for that reason alone. Civ. L.R. 41(c) (authorizing dismissal of claims when "it appears to the Court that the plaintiff is not diligently prosecuting the action"). The Court further agrees with the reasons cited by Magistrate Judge Duffin to support dismissal of the action. However, because some of those reasons are jurisdictional, the dismissal will operate without prejudice. *Frederiksen*, 384 F.3d at 438 ("A suit dismissed for lack of jurisdiction cannot also be dismissed 'with prejudice.'") (citing *Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004)); *see also* Civ. L.R. 41(c) (noting that a dismissal for lack of diligence may be either "with or without prejudice").

Accordingly,

**IT IS ORDERED** that Magistrate Judge William E. Duffin's report and recommendation, ECF No. 7, be and the same is hereby **ADOPTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 17th day of April, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.