# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID C. JUAREZ,

                Plaintiff,

v.

RACINE CITY CLERK ODD
NUMBER DOE, MICHAEL J.
PIONTEK, and DAVID C. RICE,

                Defendants.

Case No. 24-CV-94-JPS

**ORDER**

Plaintiff David C. Juarez ("Plaintiff"), proceeding pro se, brought this case in January 2024. ECF No. 1. Magistrate Judge William E. Duffin recommended dismissing his complaint in March 2024. ECF No. 6. The Court adopted Magistrate Judge Duffin's Report and Recommendation (the "R&R") in April 2024, dismissing the case without prejudice. ECF No. 11. Plaintiff now moves the Court for relief from judgment under Federal Rule of Civil Procedure 60(b). ECF Nos. 15 and 17. For the reasons stated herein, Plaintiff's motions for relief from judgment will be denied.

Plaintiff argues that he is entitled to relief from the Court's April 2024 order adopting the R&R and dismissing this case, ECF No. 11, because he never received the R&R and therefore did not have the opportunity to timely object. *See* ECF No. 16 (affidavit in support of motion for relief from judgment stating that "[t]o date[,] the Plaintiff has never received the [R&R] . . . .") and ECF No. 17 at 2 ("[S]till[,] to date[,] [Plaintiff] has never received the [R&R] . . . ."). Plaintiff avers that he only learned of the R&R and the Court's adoption thereof and dismissal of this case from his use of

an inmate application that allowed him to view the docket. *See* ECF No. 15 at 1 (discussing Plaintiff's use of the inmate's law library application "Fast Case Corrections"); ECF No. 17 at 2 (same).

"[A] district court may vacate a final judgment based on 'mistake, inadvertence, surprise, or excusable neglect'" under Federal Rule of Civil Procedure 60(b)(1), but such "relief is *discretionary.*" *Castro v. Bd. of Educ. of City of Chi.*, 214 F.3d 932, 934 (7th Cir. 2000) (quoting Fed. R. Civ. P. 60(b)(1) and citing *Fed. Election Comm'n v. Al Salvi for Senate Comm.*, 205 F.3d 1015, 1020 (7th Cir. 2000)) (emphasis added). A district court may also relieve a party from a final judgment for "any other reason that justifies relief," but this "catch-all category is limited to 'extraordinary circumstances.'" *Mendez v. Rep. Bank*, 725 F.3d 651, 657 (7th Cir. 2013) (first quoting Fed. R. Civ. P. 60(b)(6) then quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64 (1988)). Plaintiff does not specify in his motions the specific subsection of Rule 60(b) under which he moves, so the Court will accordingly address both possible subsections.

First, Plaintiff is not entitled to relief from judgment under subsection (1) for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). As an initial matter, he does not explicitly argue that any of these apply. *See generally* ECF Nos. 15 and 17. Under a liberal reading of his motions, the Court construes the motions as arguing surprise, because Plaintiff alleges that he did not receive the R&R and only discovered its existence upon checking Fast Case Corrections, an inmate application for tracking cases. ECF No. 15 at 1; ECF No. 17 at 2. Even so, Plaintiff is not entitled to relief from judgment. According to Plaintiff, he was in the custody of Elkhart County Jail from March 6, 2024 until at least September 29, 2024, yet he provides no reason for failing to track his case

on Fast Case Corrections diligently during that time. ECF No. 17 at 1. Plaintiff could have presumably checked the status of his case much earlier, but instead he waited until September 29, 2024. ECF No. 15 at 1. The lack of diligence in prosecuting his case weighs against granting him relief from the judgment. *See Casimir v. Sunrise Fin., Inc.*, 299 F. App'x 591, 593 (7th Cir. 2008) ("[A]ll litigants, including pro se litigants, are responsible for maintaining communication with the court and monitoring the status of their lawsuit as necessary." (collecting cases)). Further weighing against granting such relief is the fact that Plaintiff does not assert that he has a meritorious case in either of his motions, nor does he provide any objections to the R&R; instead, he merely requests "to be he[a]rd." ECF No. 15 at 2; ECF No. 17 at 3.

The Court will deny Plaintiff relief from judgment under subsection (6) for similar reasons. While Plaintiff argues that Elkhart County Jail "withheld" court filings, ECF No. 15 at 1, the docket reflects that the filings were returned as undeliverable at the address Plaintiff provided, *see* ECF Nos. 13 and 14. That is not such an "extraordinary circumstance[]" as to warrant relief from judgment, particularly where Plaintiff had other means to access the docket. *Mendez*, 725 F.3d at 657 (quoting *Liljeberg*, 486 U.S. at 863–64); *see also Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) ("As a general principle . . . 'parties are far better situated [than courts are] to know of any errors in their address information . . .'" (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)))

For the reasons stated above, the Court will deny Plaintiff's motions for relief from judgment.

Accordingly,

**IT IS ORDERED** that Plaintiff David C. Juarez's motions for relief from judgment, ECF Nos. 15 and 17, be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of January, 2025.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge